J-S74023-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CORNELL SUTHERLAND | |
| Appellant | No. 3703 EDA 2015 |

Appeal from the PCRA Order November 20, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0003313-2012

BEFORE:  OTT, J., RANSOM, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY OTT, J.:                          **FILED FEBRUARY 08, 2017**

Cornell Sutherland appeals, *pro se*, from the order entered November 20, 2015, in the Philadelphia County Court of Common Pleas, denying, as untimely filed, his first petition for collateral relief filed pursuant to the Post Conviction Relief Act ("PCRA").[1]  Sutherland seeks relief from a negotiated, aggregate sentence of 20 to 40 years' imprisonment imposed on November 5, 2013, following his guilty plea to third-degree murder, arson, conspiracy to commit arson, and carrying a firearm without a license.[2].  On appeal,

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9543-9546.

[2] **See** 18 Pa.C.S. §§ 2502(c), 3301(a)(1)(i), 903(a)(1), and 6106(a)(1), respectively.

Sutherland asserts the PCRA court erred in dismissing his petition as untimely filed. For the reasons below, we affirm.

The facts underlying Sutherland's convictions are well known to the parties, and were summarized by the trial court at the November 1, 2013, negotiated plea hearing.[3] To summarize, during a drug transaction that went awry, Sutherland shot the victim in the head multiple times and then attempted to conceal the murder by dumping the body and setting the car on fire.

The PCRA court set forth the procedural history as follows:

> On December 9, 2011, [Sutherland] was arrested and charged with Murder, Conspiracy, Arson, Firearms Not to be Carried Without a License, Carrying Firearms on Public Streets in Philadelphia, Possession of an Instrument of Crime ("PIC"), and False Reports to Law Enforcement Authorities.
>
> On October 8, 2013, this Court appointed Andres Jalon, Esquire[,] to replace Joseph Santaguida, Esquire[,] as counsel. On November 1, 2013, [Sutherland] appeared before this Court and entered into a negotiated guilty plea to Third-Degree Murder, Arson (Endangering Persons), Conspiracy for Arson, and Firearms Not to be Carried Without a License.[1] Sentencing was deferred until November 5, 2013. On that date, this Court imposed the negotiated sentence of concurrent terms of imprisonment of twenty to forty years for Third-Degree Murder, five to ten years for Arson, five to ten years for Conspiracy to commit Arson, and two to four years for Firearms Not to be

---

[3] *See* N.T., 11/1/2013, at 35-42.

Carried Without a License. [Sutherland] did not file a post-sentencing motion or a direct appeal.

_____

¹ All other charges were *nolle prossed*.

_____

On February 23, 2015, [Sutherland] filed a [PCRA] petition. On June 8, 2015, he filed a *pro se* supplemental PCRA petition. On July 2, 2015, Mitchell Strutin, Esquire[,] was appointed as PCRA counsel. On August 10, 2015, [Sutherland] filed a *pro se* letter in which he requested PCRA counsel to amend his petition to address **Commonwealth v. Hopkins**, 117 A.3d 247 (Pa. 2015). On August 12, 2015, [Sutherland] filed a *pro se* Supplemental PCRA petition in which he argued that **Commonwealth v. Hopkins** applied retroactively and claimed that his petition was therefore timely.

On September 16, 2015, PCRA counsel, finding [Sutherland]'s claims meritless and his petition untimely, filed a no-merit letter pursuant to **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*) and a motion to withdraw. On October 19, 2015, this Court, upon independent review, also found the petition untimely and filed a Notice of Intent to Dismiss under Pa.R.Crim.P. 907.

On November 6, 2015, [Sutherland] filed a response to the [Rule] 907 Notice. In his response[,] he reasserted that his petition was timely under **Hopkins** and further asserted that his petition was timely under **Commonwealth v. Bennett**, 930 A.2d 1264 (Pa. 2007). He also claimed – for the first time – that he suffered from a mental disorder at the time of his plea.⁴ On November 9, 2015, PCRA counsel filed a Reply to [Sutherland]'s Response to the Notice of Intent to Dismiss addressing [Sutherland]'s mental disorder claim.

_____

⁴ Nowhere in his response to the [Rule] 907 Notice does [Sutherland] identify the nature of his alleged mental disorder.

_____

PCRA Court Opinion, 11/20/2015, at 1-2 (some footnotes omitted).

On November 20, 2015, the PCRA court entered an order, and an accompanying opinion, denying Sutherland's petition and granting PCRA counsel's request to withdraw as counsel. This *pro so* appeal followed.[4]

We are mindful that "although this Court is willing to construe liberally materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an appellant." ***Commonwealth v. Lyons***, 833 A.2d 245, 252 (Pa. Super. 2003) (citation omitted), *appeal denied*, 879 A.2d 782 (Pa. 2005). It merits mention that Sutherland's brief is disjointed and lacking at numerous points. For example, Sutherland fails to adhere to several Rules of Appellate Procedure, in which he does not include a statement of both the scope of review and the standard of review, a statement of questions involved, a statement of the case, and a summary of argument. ***See*** Pa.R.A.P. 2111(a)(3-6).

Nevertheless, a review of the brief reveals that Sutherland raises the following arguments on appeal: (1) "he is not at liberty nor does he have the means to obtain pertinent deposition information for [the] purpose to validate the timeliness of the PCRA petition;"[5] (2) trial counsel was

---

[4] The PCRA court did not order Sutherland to file a concise statement of errors complained of on appeal under Pa.R.A.P. 1925(b).

[5] ***See*** Sutherland's Brief at 2.

- 4 -

ineffective in failing to challenge Sutherland's guilty plea and sentencing;[6] (3) PCRA counsel was ineffective for failing to "impl[e]ment justifiable reasons to overcome [Sutherland]'s inaccuracies" and also abandoned his client;[7] and (4) Sutherland's innocence by way of self-defense should overcome the timeliness exceptions because "his state/Federal constitutional safeguards were infringed upon by the County, District Attorney's Office and its prosecutorial police agents and including the ineffective assistance of trial/plea counsel, as well [as] current court appointed PCRA counsel."[8]

When reviewing an order dismissing a PCRA petition, we must determine whether the ruling of the PCRA court is supported by evidence of record and is free of legal error. *Commonwealth v. Burkett*, 5 A.3d 1260, 1267 (Pa. Super. 2010). "Great deference is granted to the findings of the PCRA court, and these findings will not be disturbed unless they have no support in the certified record." *Commonwealth v. Carter*, 21 A.3d 680, 682 (Pa. Super. 2011) (citation omitted), *appeal denied*, 72 A.3d 600 (Pa. 2013).

---

[6] *Id.* at 3.

[7] *Id.* at 4.

[8] *Id.* at 5.

Furthermore, "[c]rucial to the determination of any PCRA appeal is the timeliness of the underlying petition. Thus, we must first determine whether the instant PCRA petition was timely filed." *Commonwealth v. Smith*, 35 A.3d 766, 768 (Pa. Super. 2011), *appeal denied*, 53 A.3d 757 (Pa. 2012).

> The PCRA timeliness requirement … is mandatory and jurisdictional in nature. *Commonwealth v. Taylor*, 933 A.2d 1035, 1038 (Pa. Super. 2007), *appeal denied,* 597 Pa. 715, 951 A.2d 1163 (2008) (citing *Commonwealth v. Murray*, 562 Pa. 1, 753 A.2d 201, 203 (2000)). The court cannot ignore a petition's untimeliness and reach the merits of the petition. *Id.*

*Commonwealth v. Taylor*, 67 A.3d 1245, 1248 (Pa. 2013), *cert. denied*, 134 S.Ct. 2695 (U.S. 2014).

A PCRA petition must be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S. § 9545(b)(1). A judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking review." 42 Pa.C.S. § 9545(b)(3). Here, Sutherland was sentenced on November 5, 2013. He did not file a direct appeal from the entry of his guilty plea. Therefore, his judgment of sentence became final on December 5, 2013, when the 30-day time period within which to file a direct appeal expired. *See* 42 Pa.C.S. § 9545(b)(3); Pa.R.A.P. 1113. As such, any PCRA petition had to be filed by December 5, 2014. Sutherland did not file the present PCRA petition until February 23, 2015. Accordingly, his petition is patently untimely.

An untimely PCRA petition may, nevertheless, be considered if one of the following three exceptions applies:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i-iii). Furthermore, a PCRA petition alleging any of the exceptions under Section 9545(b)(1) must be filed within 60 days of when the PCRA claim could have first been brought. 42 Pa.C.S. § 9545(b)(2).

With respect to Sutherland's arguments regarding ineffective assistance of counsel, we are guided by the following:

Our Supreme Court has made clear that the section 9545(b)(1)(ii) exception will not apply to alleged ineffective assistance of counsel claims, even if the claims were not knowable until advised of their existence by present counsel. *See Commonwealth v. Bronshtein*, 561 Pa. 611, 752 A.2d 868 (Pa. 2000); *Commonwealth v. Pursell*, 561 Pa. 214, 749 A.2d 911 (Pa. 2000); *see also* [*Commonwealth v. Fahy*, 737 A.2d 214, 223 (Pa. 1999);] (claim of ineffective assistance of counsel does not save an otherwise untimely petition for review on merits).

*Commonwealth v. Perrin*, 947 A.2d 1284, 1287 (Pa. Super. 2008). Accordingly, Sutherland's ineffective claims do not qualify under any of the three enumerated exceptions to the timeliness requirement.

With the respect to the remainder of his argument, Sutherland has failed to either plead or prove the applicability of any of the timeliness exceptions.[9] Rather, he baldly asserts his innocence by way of self-defense should overcome a time bar but does not point to any facts or legal authority to support his allegation. Furthermore, he has failed to make any assertion that he raised these exceptions within 60 days of the date when the claim could have first been brought. *See* 42 Pa.C.S. § 9545(b)(2).

Accordingly, there is no dispute that Sutherland filed his PCRA petition more than one year after his judgment of sentence became final. As such, we conclude Sutherland is entitled to no relief based upon his failure to plead

_____

[9] We note Sutherland appears to have abandoned certain claims regarding **Hopkins** and **Bennett**, that he raised before the PCRA court and which the PCRA court addressed in its November 20, 2015, opinion. Accordingly, those claims are waived. *See* Pa.R.A.P. 2116(a) ("No question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby."); *see also Commonwealth v. Delvalle*, 74 A.3d 1081, 1087 (Pa. Super. 2013) (concluding undeveloped claim to be waived).

Furthermore, to the extent our conclusion differs from the PCRA court, we note the following: "This Court is not bound by the rationale of the trial court, and we may affirm the trial court on any basis." *Commonwealth v. Williams*, 73 A.3d 609, 617 n.4 (Pa. Super. 2013), *appeal denied*, 87 A.3d 320 (Pa. 2014).

and prove the applicability of a PCRA timeliness exception. Therefore, there is no basis upon which to disturb the PCRA court's denial of relief.

Order affirmed.

Judge Ransom joins this memorandum.

President Judge Emeritus Stevens files a concurring statement.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/8/2017